United States District Court
Southern District of Texas
**ENTERED**
November 03, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MARY SANDERS, | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:25-cv-4174 |
| | § | |
| MARMAXX OPERATING CO., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |
| | § | |

## ORDER

Pending before the Court is Defendant Marmaxx Operating Co. ("Defendant" or "Marmaxx") Motion for Summary Judgment. (Doc. No. 18). Plaintiff Mary Sanders ("Plaintiff" or "Sanders") responded in opposition. (Doc. No. 22). After considering the filings, the admissible summary judgment evidence, and the relevant legal standards, the Court hereby **GRANTS** Marmaxx's Motion for Summary Judgment.

### I. Background

This case arises from a slip-and-fall incident in a Marshalls store. Sanders slipped and fell on a puddle of water shortly after entering a Marshalls. (Doc. No. 22–3 (Sanders Deposition) at 26:3-10; 31:20-25). She then filed suit for personal injuries in the 61st Judicial District of Harris County, Texas. Marmaxx removed to this Court and moved for summary judgment.

### II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes

demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

## III. Analysis

The parties do not dispute that Texas law applies to this dispute. As an initial matter, Sanders has brought claims against Marmaxx for negligence and premises liability. Marmaxx has moved for summary judgment on both, arguing that Sanders's claims sound only in premises liability, and that there is no genuine issue of material fact as to the premises liability claim.

**A. Sanders's negligence claim**

Generally, there are two negligence-related theories which a plaintiff may pursue against a premises owner: general negligence and premises liability. Although a person injured on another's property may have both a negligence claim and a premises liability claim against the property owner, the two are "independent theories of recovery, and a finding of one will not suffice to create liability for the other." *Cobarrubias v. Lowe's Home Centers, LLC*, 2023 WL 5729941, at *5 (S.D. Tex. Sept. 4, 2023) (citing *Clayton W. Williams. Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997)).

"[N]egligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 775–76 (Tex. 2010). As such, when an injury is the result of a condition created by the defendant's activity, rather than the activity itself, a plaintiff is limited to a premises defect theory of liability. *Brown v. Wal-Mart Stores Texas, L.L.C.*, 2023 WL 4354225, at *2 (S.D. Tex. July 5, 2023) (citing *Lucas v. Titus County Hosp. Dist./Titus County Mem'l Hosp.*, 964 S.W.2d 144, 153 (Tex. App.—Texarkana 1998, pet. denied), 988 S.W.2d 740 (Tex. 1998)).

In *Keetch v. Kroger Co.*, the plaintiff slipped and fell on a wet floor created when a Kroger employee sprayed some plants with water. 845 S.W.2d 262, 264 (Tex. 1992). The Supreme Court of Texas held that "Keetch may have been injured by a condition created by the spraying but she was not injured by the activity of spraying." *Id.* Here, Sanders alleges that she slipped on a puddle of water spilled by another customer. Sanders alleges that Marmaxx was negligent by failing to clean the water up. That being the case, Sanders was injured by a condition allegedly allowed to

persist by Marmaxx's activity, not by Marmaxx's activity itself. *See Brown*, 2023 WL 4354225, at *2. Sanders is limited to a premises defect theory of liability. *Id.* Her negligence claim is dismissed with prejudice.

**B. Sanders's premises liability claim**

The parties do not dispute that Sanders was on the premises of the Marshalls as an invitee. That being the case, to recover against Marmaxx on a premises liability claim, Sanders must prove:

> (1) Actual or constructive knowledge of some condition on the premises by the owner/operator;
> (2) That the condition posed an unreasonable risk of harm;
> (3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and
> (4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).

In its motion for summary judgment, Marmaxx contests only the first element: that Marmaxx had actual or constructive knowledge of the spill that Sanders slipped on.

A plaintiff in a premises liability case may prove that a premises owner had actual or constructive knowledge of a condition by showing that: "(1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

Sanders does not assert that the defendant placed the substance at issue here on the floor, but does argue that there is a genuine dispute over whether the defendant actually knew that the substance was on the floor. (Doc. No. 22 at 8-9). In support of this proposition, Sanders cites to the deposition testimony of the store manager, Darron Hicks. Mr. Hicks initially testified that it was his understanding that an employee was made aware of the spill after Sanders fell. (Doc. No.

22–1 at 13:18-22). He later admitted that he could not be sure exactly when an employee was first notified of the spill:

> **Q.** And so you can't tell me if that page happened – if they discovered that spill, that page happened, and then [Sanders] is walking by and slips on it after the page happens? Can you confirm that didn't happen?
>
> **A.** Going based off of what's on the video, what the video shows . . .
>
> **Q.** Going – you didn't finish that answer. Going based off the video, what the video shows, what's the conclusion?
>
> **A.** The video shows [Sanders] slipping and [an employee] being there within probably a few – few minutes, maybe a minute or so. Not for sure the exact time.
>
> **Q.** And you don't know if she had been called 3 minutes before or 1 minute before, fair?
>
> **A.** Correct.

(*Id.* at 16:17-17:6).

Based on this, Sanders argues that "a jury could reasonably infer from . . . Defendant's inability to establish when those communications occurred that an employee learned about the spill before Plaintiff fell." (Doc. No. 22 at 9). This argument misses the mark. Here, Marmaxx identified a lack of evidence that Marmaxx had actual knowledge of the spill. Once Marmaxx did so, the burden shifted to Sanders—the non-movant—to show that this Court should not grant the motion. *See Celotex*, 477 U.S. at 321–25. To do that, Sanders must provide specific facts showing that there is a genuine dispute. *Id.* at 324.

Sanders has provided no such evidence. Instead, Sanders essentially argues that Hicks' original testimony—that the store was not notified of the spill until after Sanders fell—is at odds with his testimony that he couldn't be sure when a Marmaxx employee was first notified. Drawing all inferences in favor of Sanders, the Court is left with evidence showing that Hicks did not know when a store employee was first notified. This, without more, is insufficient to create a genuine dispute as to whether Marmaxx had actual knowledge of the spill before Sanders fell.

That being the case, under *Reece*, there is one other way Sanders could survive summary judgment as to her premises liability claim: by pointing to evidence raising a genuine issue of material fact as to constructive knowledge. In other words, whether "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Reece*, 81 S.W.3d at 814. The Supreme Court of Texas has held that "temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition." *Id.* at 816. Indeed, "[w]ithout some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." *Id.*

Sanders has not pointed to any evidence tending to show how long the water had been on the floor before she slipped. Instead, she argues that Marmaxx's "own evidence does not conclusively establish the relevant period." (Doc. No. 22 at 9). This argument again misses the mark. As set out above, Sanders bears the burden, at the summary judgment stage, to provide specific facts showing that there is a genuine dispute. *Celotex*, 477 U.S. at 324. Here, that would mean providing some temporal evidence from which a factfinder could determine "whether the owner had a reasonable opportunity to discover" the spill. *See Reece*, 81 S.W.3d at 816.

Sanders has not provided any specific facts from which a reasonable jury could determine how long the spill had been on the floor. Merely disputing Marmaxx's account—that another customer spilled the water 39 seconds before Sanders fell—cannot satisfy this evidentiary burden. While Sanders is right that the Court cannot draw the inference Marmaxx asks it to—that the video establishes the 39 second timeframe—refusing to do so leaves the Court in the exact situation contemplated by *Reece*: with no temporal evidence at all. *See Reece*, 81 S.W.3d at 816. That being the case, Sanders has not created a genuine issue of material fact as to whether Marmaxx knew—

actually or constructively—of the condition. Summary judgment is appropriate on Sanders' premises liability claim.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Marmaxx's Motion for Summary Judgment. (Doc. No. 18). This case is hereby dismissed with prejudice.

It is so ordered.

Signed on this the 3rd day of November 2026.

Andrew S. Hanen
United States District Judge